## Circuit Court U. S.

## PHILADELPHIA, APRIL TERM, 1817.

United States
v.            } Retarding the Passage of the Mail, &c.
John Hart.

If the ordinances of the city of Philadelphia are in collision with an act of Congress, the former must give way. The laws of Congress, made in pursuance of the constitution of the United States, are the supreme laws of the land, any thing in the constitution or laws of any state notwithstanding.

Driving a carriage through a populous and crowded street in the city, at such a rate or in such a manner, as to endanger the safety of the inhabitants, is an indictable offence at common law, and amounts to a breach of the peace ; a constable is authorized, without a warrant, to prevent the peace from being thus broken.

The act of Congress, prohibiting the stoppage of the mail, is not to be so construed as to prevent the arrest of the driver of a carriage in which the mail is carried, when he is driving through a crowded city at such a rate as to endanger the lives of the ininhabitants.

This was an indictment for knowingly and wilfully retarding the passage of the mail.* It was proved that the defendant, being one of the high constables of the city of Philadelphia, did, on one occasion, stop the mail stage having the mail in it, in its passage through Market-street to the post-office, upon the ground that the stage was going at an immoderate rate, so as to endanger the lives and safety of the citizens. On another

* Laws United States, vol. iv. p. 292.

occasion, it was stopped by the defendant in Chesnut-street, because the stage body containing the mail, was placed on runners in consequence of the ground being covered with snow, and no bells were placed on the horses.

The evidence offered by the defendant was very strong, to prove that the stage was passing very rapidly through Market-street, at the time it was stopped by the defendant; some of the witnesses supposed it to be at the rate of eight or nine miles an hour.

The defendant justified his conduct under an ordinance of the city, which subjected every person to a fine, who should drive at an immoderate rate in the city, so as to endanger the citizens thereof, or who should drive a carriage on runners without bells to the horses.

It was contended by the defendant's counsel, that this ordinance afforded a complete justification to the constable; or, if not, that the driving, in a populous street in such a manner as to endanger the safety of the inhabitants, amounted to a breach of the peace at common law, in which case, the constable is authorized, without warrant to arrest the party, and if he can to prevent the mischief which seems to be threatened. If so, the act of congress ought not to be so construed as to render it criminal in any person to prevent a mail driver from breaking the peace, because a stoppage of the mail may be the consequence of such prevention. Such a stoppage, it was contended, is not within the meaning of the law. It should be some act performed with the intention to stop the mail, and not one where the stoppage of the mail is the consequence of a lawful act.

Secondly. It was urged, that there is no part of the

PHILAD'A.
1817.

United States
v.
Hart.

PHILAD'A.
1817.

United States
v.
Hart.

constitution which authorizes congress to pass laws to punish acts of this kind; and if the law be constitutional, then; Thirdly, it was insisted, that the 35th section of the law, vests the jurisdiction in cases of this kind in the state courts, and that, consequently, this court has not jurisdiction.

WASHINGTON, J. It is unnecessary, at this time, to enter into an examination of the objections made to the constitutionality of this law, and to the jurisdiction of this court, as the defendant may have the full benefit of them on a motion in arrest of judgment, if the verdict should be against him, and there should be any thing in the objections. I shall merely observe for the present, that by passing them over, it is not to be understood that the court means, in any respect, to countenance them.

If the ordinance of the city is in collision with the act of congress, there can be no question but that the former must give way. The constitution of the United States, and the laws made in pursuance thereof, are declared by the constitution to be the supreme law of the land; and the judges both of the federal and state courts, are bound thereby, any thing in the constitution or laws of any state, to the contrary notwithstanding.

But, there is in truth no collision between this ordinance and the act of congress on which this indictment is founded. If the mail carrier should violate the ordinance, the act of congress does not shelter him from the penalty imposed by the ordinance. But the ordinance does not authorize any officer to stop the mail, and, consequently, he cannot justify his having done it, under that ordinance.

The defendant's counsel have then resorted to the common law, which authorizes a constable, without a

warrant, to prevent a breach of the peace; and it is contended, that for any person to drive through a populous city, at such a rate as to endanger the lives or the safety of the inhabitants, amounts to a breach of the peace.

This view of the subject presents two questions. First, Was the mail carrier in the act of breaking the peace, at the time when he was stopped by the defendant? and if he was, then, secondly, would this fact excuse him under a fair interpretation of the law under consideration?

As to the first question, the court is of opinion that driving a carriage through a crowded or populous street at such a rate or in such a manner as to endanger the safety of the inhabitants, is an indictable offence at common law, and amounts to a breach of the peace. But, whether in the two cases stated in this indictment, the mail carrier so conducted himself as to come within this principle, is a question proper for the jury to decide. If they decide this fact affirmatively, then upon the principles of the common law, the constable was authorized without a warrant, to prevent the peace from being broken.

The second question will depend upon the fair construction of the act of congress, and we are of opinion that it ought not to be so construed as to shield the carrier against this preventive remedy, because a temporary stoppage of the mail may be the consequence. Suppose the officer had a warrant against a felon who had placed himself in the stage, or that the driver should commit murder in the street in the presence of an officer, and then place himself on the box; could it be contended, that the sanctity of the mail would extend to protect those persons against arrest, because a tempora-

PHILAD'A.
1817.

United States
v.
Hart.

PHILAD'A.
1817.

United States
v.
Hart.

ry stoppage of the mail would be the consequence ? We think not. It could not be said in any of those cases, that the act amounted to a wilful stoppage of the mail.

*Verdict not guilty.*

## Circuit Court U. S.

## PENNSYLVANIA, OCTOBER TERM, 1815.

Hon. Bushrod Washington, *Associate Justice of the Supreme Court.*

Hon. Richard Peters, *District Judge.*